IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY WAYNE CALVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:05-0109 |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Griffin |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff Anthony Wayne Calvin's ("Plaintiff") Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 11) and supporting Memorandum (Doc. No. 12). Defendant Commissioner of Social Security ("Defendant") filed a Response (Doc. No. 13) to which Plaintiff filed a Reply (Doc. No. 16). Magistrate Judge Griffin issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied and that the decision of the Administrative Law Judge ("ALJ") be affirmed (Doc. No. 17). Plaintiff filed Objections to the Report (Doc. No. 24). Upon review of the magistrate judge's Report and the

-1-

reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

I. **BACKGROUND**

   *A.    Procedural Background*

Plaintiff first filed an application for disability insurance benefits with the Social Security Administration ("SSA") on July 17, 2002 alleging disability due to neck and back pain, blurred vision, high blood pressure, and anxiety attacks, with an onset date of January 1, 2000. (Tr. 46, 64, 89). Plaintiff's application was denied initially and also upon reconsideration. (Tr. 31-33, 36-37). Plaintiff filed a request for a hearing by an ALJ and the hearing was held on August 18, 2004. (Tr. 318-40). At that hearing Plaintiff amended his alleged onset date to January 1, 2001. (Tr. 321-22). After hearing testimony from Plaintiff and Plaintiff's sister, the ALJ issued a denial of benefits on September 24, 2004. (Tr. 11-19). Plaintiff filed a timely request for a review of the hearing. (Tr. 8-10). On December 8, 2004, the Appeals Council entered an order denying the request for review, rendering that decision the final decision of the Commissioner. (Tr. 3-5).

On February 7, 2005, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1). The Court has jurisdiction under 42 U.S.C. § 405(g). On August 26, 2009, Magistrate Judge Griffin recommended the ALJ's decision be affirmed and the Plaintiff's Motion be denied. (Doc. No. 17). Plaintiff asserts three (6) objections to the magistrate judge's findings. (Doc. No. 24). Specifically, Plaintiff contends that:

> (1) the magistrate engaged in de novo fact-finding and post-hoc rationale in upholding the Agency's decision;

-2-

Case 3:05-cv-00109   Document 25   Filed 01/07/10   Page 2 of 9 PageID #: 161

(2) the ALJ erred in rejecting Plaintiff's treating physician's opinion and did not give good reasons for same;

(3) the ALJ wrongfully applied the Medical-Vocational Guidelines to find Plaintiff not disabled;

(4) the ALJ's finding that Plaintiff could perform a full range of light work is not supported by substantial evidence;

(5) the ALJ failed to consider the effect of Plaintiff's obesity on his residual functional capacity; and

(6) the ALJ's findings that Plaintiff's right eye condition and anxiety disorders were not "severe" are not supported by substantial evidence.

(Doc. No. 24). The Court discusses the merits of Plaintiff's objections below.

### B. *Factual Background*

The Court adopts that portion of the magistrate judge's Report that addresses Plaintiff's medical evidence, vocational history, and the relevant testimony at Plaintiff's administrative hearing. (Doc. No. 17, at 2-12).

## II. STANDARD OF REVIEW

The Court's review of the portions of the magistrate's Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b) (2008). This review, though, is limited to a determination of whether substantial evidence exists in the record to support the Commissioner of Social Security's decision and whether the Commissioner committed any legal errors in the process of reaching that decision. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2008). The reviewing court will uphold the decision of the Commissioner in adopting the ALJ's decision if it

is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The Sixth Circuit defines substantial evidence as "more than a mere scintilla of evidence, but less than a preponderance. *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court may not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. 745 F.2d at 387. Even if the evidence would support a different conclusion or the reviewing court could resolve factual issues differently, the decision of the ALJ must stand if "the evidence could reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Born v. Sec'y of Health & Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

A. *The ALJ erred in rejecting Plaintiff's treating physician's opinion and did not give good reasons for same*

Plaintiff asserts that the ALJ rejected the opinion of Plaintiff's treating physician, Dr. Lim, without justification and without providing a good reason for so doing. The Court agrees with the magistrate's Report that the ALJ properly provided evidence for rejecting Dr. Lim's assessment of Plaintiff's restrictions.

A treating physician's opinion is accorded "controlling weight" if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). However, here the ALJ found:

> On consideration of the record, . . . . I credit and concur with the DDS assessment for a full range of light work. I give little credit to the

> assessment by Dr. Lim. It is not consistent with the objective medical evidence of record and is clearly based upon the claimant's subjective complaints. In later notes Dr. Lim acknowledged that there was not sufficient evidence to warrant a diagnosis for his complaint of neck and back pain.

(Tr. 16). Upon review of the record in this case, the Court finds that there was substantial evidence upon which the ALJ could base his conclusion regarding the credibility of Dr. Lim's opinion. Dr. Lim's own prior treatment notes, the opinions of five other consulting physicians and Plaintiff's testimony regarding his daily activities constitute substantial evidence upon which the ALJ could determine that Dr. Lim's assessment was not well-supported.

> B. *The ALJ's finding that Plaintiff could perform a full range of light work is not supported by substantial evidence and the ALJ wrongfully applied the Medical-Vocational Guidelines to find Plaintiff not disabled*

Plaintiff argues that the ALJ erred in finding Plaintiff did not have significant non-exertional limitations and therefore applied the Medical-Vocational Guidelines ("Grid"). Plaintiff asserts that the non-examining DDS consultant identified significant non-exertional limitations and therefore the ALJ's determination of not disabled is not supported by substantial evidence.

Once a plaintiff has established a *prima facie* case of disability, if the ALJ determines that a claimant's non-exertional impairment does not significantly limit his ability to do a full range of work at a designated level, the ALJ is entitled to rely on the Grid to carry the Commissioner's burden in the fifth stage of the analysis. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981). However, "if the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level, nonexertional limitations must be taken into account and a non-guideline determination made."

-5-

*Id.* at 528-29.

The ALJ found Plaintiff to have a residual functional capacity to perform a full range of light work. (Tr. 18). The opinions of Dr. Davis, Dr. Cowden, and Dr. Richard all support this finding (Tr. 157, 191, 193). The ALJ had substantial evidence upon which to determine that Plaintiff was not limited in his ability to perform a full range of light work and therefore was entitled to rely upon the Grid in making his determination.

    *C.*    *The ALJ failed to consider the effect of Plaintiff's obesity on his residual functional capacity*

Plaintiff asserts in one sentence, without argument or factual and legal citations, that the ALJ violated Soc. Sec. Rul. 02-01p by failing to consider the effect of Plaintiff's obesity on his residual functional capacity. Although obesity is no longer listed as a disability, Social Security policy directs the ALJ to consider obesity's effects when evaluating residual functional capacity and to be mindful that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." Soc. Sec. Rul. 02-01p, 2000 WL 628049, *1. As discussed by the magistrate, Plaintiff has a single diagnosis of class I obesity, duly noted by the ALJ in his Decision. (Tr. 16). Plaintiff has not alleged that his obesity was severe or had an effect on his ability to work. (Tr. 64, 325-34). The Court finds that the ALJ properly satisfied the requirements of Soc. Sec. Rul. 02-01p and based his decision on substantial evidence.

    *D.*    *The ALJ's findings that Plaintiff's right eye condition and anxiety disorders were not "severe" are not supported by substantial evidence*

Similarly without additional argument, Plaintiff objects that the ALJ's findings that Plaintiff's right eye condition and anxiety disorders are "not severe" are not supported by

substantial evidence. An impairment is considered "not severe" if "it does not significantly limit [a plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). After a surgery in 2000, Plaintiff was diagnosed with Horner's Syndrome, which caused his right eyelid to droop and become photophobic, with blurred and double vision. (Tr. 164-66, 224). However, a 2002 vision test showed Plaintiff's uncorrected distance vision to be 20/30 in his right eye, 20/30 in his left eye, and 20/25 in both eyes. (Tr. 156). In addition, Plaintiff has a valid driver's license. (Tr. 203). Plaintiff testified that his vision was "blurry" with store-bought glasses. (Tr. 326-27). Substantial evidence exists in the record to support the ALJ's finding that Plaintiff's complaints of poor vision qualify as a "non severe" impairment.

As for the ALJ's determination that Plaintiff's anxiety was also "non severe," while Plaintiff was prescribed Xanax by his treating physician, neither the DDS psychological or psychiatric consultant found Plaintiff to have more than a mild case of anxiety, with no attributable loss of functioning. (Tr. 203, 217). Plaintiff testified that medication adequately controls his panic attacks. (Tr. 329). The ALJ, therefore, had substantial evidence upon which to base his finding that Plaintiff's complaints of anxiety were "non severe."

### E. *The magistrate engaged in de novo fact-finding and post-hoc rationale in upholding the Agency's decision*

Plaintiff argues that the magistrate's Report contain de novo fact-finding and post-hoc rationales for the Agency's decision, in violation of the principal that a reviewing court may review the propriety of an agency's actions solely on the grounds invoked by the agency. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947), *quoted in Burlington Truck Lines, Inc.*, 371 U.S. 156, 169 (1962). This principal works to maintain the orderly functioning of the judicial

-7-

Case 3:05-cv-00109  Document 25  Filed 01/07/10  Page 7 of 9 PageID #: 166

review process by ensuring courts do not substitute their discretion for that of the Commissioner in the "domain which Congress has set aside exclusively for the administrative agency." *Id.* However, as the Report ably discusses, the Supreme Court acknowledges a unique interplay between the Social Security Administration and the federal courts in terms of review of agency actions. *See Sullivan v. Hudson*, 490 U.S. 877, 885 (1989) (the transferral of a social security remand between the federal court and the agency suggests "a degree of direct interaction between a federal court and an administrative agency alien to traditional review of agency action under the Administrative Procedure Act"); *Biron v. Harris*, 668 F.2d 259, 260-261 (6th Cir. 1982) ("judicial review of agency action under the Social Security Act is governed by 42 U.S.C. § 405, and not the Administrative Procedure Act"). In the Sixth Circuit, if a district court finds the ALJ's decision to be supported by substantial evidence, it need not consider a post hoc rationalization objection. *See Williams v. Comm'r of Soc. Sec.*, 227 Fed. App'x 463, 463 (6th Cir. 2007) ("Consistent with *Chenery*, the district court evaluated the actual grounds invoked by the ALJ and found them to be supported by substantial evidence . . . . [reasoning] fully consistent with this Circuit's precedents."); *Pasco v. Comm'r of Soc. Sec.*, 137 Fed. App'x 828, 847 (6th Cir. 2005) (holding that ALJ's decision supported by substantial evidence, so court need not consider post hoc rationalization objection). Because the Court has found that the ALJ had substantial evidence upon which to base his decision, see discussion *supra*, it will not consider this post hoc rationalization objection.

## IV. CONCLUSION

The Court does not find merit in Plaintiff's objections because there is substantial evidence in the record to support the ALJ's decision that Plaintiff is not disabled under 42 U.S.C.

§ 423(d)(1)(A). Therefore, Plaintiff's Motion is **DENIED** and the Court **ADOPTS** the magistrate judge's Report in its entirety.

This Order terminates this Court's jurisdiction over this action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the ___6th___ day of January, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT